UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCAL NURSERY, INC, | No. 2:20-cv-00868-MCE-DMC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff NorCal Nursery, Inc. ("Plaintiff") seeks damages against Defendants United States of America, the United States Department of Agriculture, the United States Department of Agriculture-Agricultural Research Service, and two federal officials[1] (hereinafter collectively referred to as the "United States" or the "government" unless otherwise indicated) for their alleged role in negligently disseminating and mislabeling a strawberry plant species provided to Plaintiff. The United States now moves to dismiss Plaintiff's lawsuit for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1)[2], on grounds that Plaintiff's allegations are in essence

---

[1] Defendant George Irvin Perdue II is sued in his official capacity as Secretary of the United States Department of Agriculture. Similarly, Robert Matteri is named as a defendant given his role as Pacific Area West Director of the United States Department of Agriculture-Agricultural Research Service.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

misrepresentation claims against the United States, which are barred under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA"). For the reasons stated below, that motion is GRANTED in part and DENIED in part.[3]

## BACKGROUND[4]

This lawsuit seeks redress for damages suffered by Plaintiff following the alleged improper dissemination of a mislabeled strawberry variety. Plaintiff is a strawberry plant nursery "engaged in the propagation, production, and sale of strawberry nursery plants for domestic and international strawberry growers." Compl., ECF No. 1, ¶ 19. Defendant United States Department of Agriculture-Agricultural Research Service ("USDA-ARS") develops and supplies genetically modified strawberry varieties throughout the country and in 2003 created the Tillamook strawberry variety.

In November 2012, Plaintiff ordered Tillamook meristem plants from Defendant USDA-ARS, selecting the variety for its "high yield, attractive color, full flavor profile . . . . [and] large, sturdy fruits."[5] Id. ¶¶ 31, 34. According to the complaint, a USDA-ARS employee "responded to Plaintiff's request and sent meristem plants identified and labeled as Tillamook to Plaintiff." Id. ¶ 35. Plaintiff cultivated and grew these strawberries before selling them to farming customers in California, Oregon, and Washington between 2016 and 2017. The complaint alleges that during this period there was no indication that the plants were anything other than the Tillamook variety.

In December 2017, Plaintiff became aware that 10 Oregon strawberry growers were complaining about the lack of vigor in the supposed Tillamook strawberries that

---

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[4] The allegations contained in this section are drawn, sometimes verbatim, from Plaintiff's averments as set forth in the complaint. Compl., ECF No. 1.

[5] "The genetically modified plants that are developed and eventually provided to nurseries are sometimes referred to as a meristem plant . . . . [which is] the term used in [the] industry to refer to a plant grown in tissue culture from a meristem tip." Compl. ¶¶ 25-26.

2

had come from Plaintiff.  By mid-February 2018, three separate laboratories had tested and verified that the strawberry plants sold by Plaintiff were not the Tillamook variety, but a different variety known as Pinnacle.  The growers submitted breach of warranty claims against Plaintiff alleging that they received the incorrect strawberry variety, and to date, Plaintiff's customers have recovered over $1,300,000 in damages.

On April 28, 2020, Plaintiff filed a complaint against Defendants under the FTCA, which contained three claims for relief.  First, Plaintiff claimed that Defendants were duty-bound to adhere to various California, Oregon, and Washington statutes, and that the USDA-ARS had violated not only those state statutes but also provisions of the federal Plant Protection Act, and the Federal Seed Act when it allegedly mislabeled Pinnacle meristem plants as Tillamook and thereafter disseminated the incorrect meristem plants to Plaintiff.  Id. ¶¶ 66-72.  Second, Plaintiff claims a breach of common law duty on the basis that Defendants either failed to exercise the due care that a reasonable person would exercise under similar circumstances, or that USDA-ARS assumed a duty when it undertook to render services to Plaintiff and thus breached the common-law duty to use due care in the labeling and distribution of the strawberries.  Id. ¶¶ 74-81.  Finally, Plaintiff's third claim for negligence alleges that "Defendants have a duty to properly introduce horticultural species into the environment and economy." Id. ¶ 83.  Defendants allegedly breached this duty by disseminating the incorrect strawberry variety to Plaintiff, thereby causing the harm that resulted when Plaintiff's customers made claims related to the sale of the incorrect variety.  Id. ¶¶ 85-88.

On August 10, 2020, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), on the basis that Plaintiff's allegations are in essence claims of negligent misrepresentation and are therefore barred by the misrepresentation exception to the FTCA under 28 U.S.C. § 2680(h).  Defs.' Mot., ECF No. 11, at 1.  While the complaint lacks a claim for misrepresentation, Defendants argue each of Plaintiff's claims necessarily depend on the mislabeling of the meristems and should thus be dismissed for lack of subject matter jurisdiction.  Defs.' Mem. Supp. Mot.,

ECF No. 11-1, at 1:20-26. In opposition, Plaintiff asserts that the "claims are not premised on mere misrepresentation, but on the Defendants' failure to use due care in responding to [Plaintiff's] request" for a particular strawberry variety. Pl.'s Opp'n, ECF No. 13, at 1:5-7. According to Plaintiff, Defendants' motion ignores the distinction between "a negligent misrepresentation and the negligent performance of an operative task" and the misrepresentation exception is therefore inapplicable. Id. at 3:21.

**STANDARD**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal

sufficiency of the pleadings. Id. Here the government's jurisidictional challenge is based solely on the allegations contained in Plaintiff's complaint.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

## ANALYSIS

The FTCA waives sovereign immunity to tort liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the FTCA is "a limited waiver of sovereign immunity and is strictly construed." Rich Products Corp v. United States, 804 F. Supp. 1270, 1272 (E.D. Cal. 1992). The FTCA expressly bars lawsuits against the government for claims arising out of negligent or intentional misrepresentation. 28 U.S.C. § 2680(h); see United States v. Neustadt, 366 U.S. 696, 702 (1961).

In determining whether a claim arises out of a misrepresentation, the court must "analyze the conduct upon which the cause of action alleged rests." Mt. Homes, Inc. v. United States, 912 F.2d 352, 355-56 (9th Cir. 1990) (internal citations omitted). The essence of an action for misrepresentation "is the communication of misinformation on

which the recipient relies." Block v. Neal, 460 U.S. 289, 296 (1983). When a misrepresentation is involved, the plaintiff must allege an injury that would have been "suffered independently of [the misrepresentation]" lest the action be barred under the FTCA. Id. at 296-97. Thus, the United States remains "liable for injuries resulting from negligence in performance of operational tasks even though misrepresentations are collaterally involved." Guild v. United States, 685 F.2d 324, 325 (9th Cir. 1982).

### A. The Claim of Negligence Per Se is Dismissed Because the Identified Statutes are in Essence Proscriptions on Misrepresentations Involving Plants.

Plaintiff's first claim of negligence per se alleges that Defendants violated various California, Washington, and Oregon statutes prohibiting the mislabeling of plant and nursery stock placed into the stream of commerce. See, e.g., Compl. ¶ 54 (citing Cal. Food and Agric. Code § 53482, establishing that "each plant shall be individually labeled as to the correct name"); id. ¶ 56 (citing Cal. Food & Agric. Code § 53511, making it unlawful to ship, deliver, or transport nursery stock which "has false or misleading labeling"); id. ¶ 57 (citing Cal. Food and Agric. Code § 53512, prohibiting the "false or misleading advertisement concerning nursery stock"); id. ¶¶ 59-62 (citing similar Washington and Oregon statutes); id. ¶ 63 (citing the Plant Protection Act and the Federal Seed Act). Plaintiff alleges that Defendants were duty-bound to comply with these statutes, and Defendants breached that duty when the USDA-ARS mislabeled the Pinnacle strawberries as Tillamook. See id. ¶¶ 66, 68; Pl. Opp'n at 9:4-6. However, as the Supreme Court in Neustadt established, statutes which create a duty to provide correct information do not supersede the misrepresentation exception of the FTCA. See Neustadt, 366 U.S. at 710-11.

In Neustadt, the plaintiffs purchased a home which had been appraised by the Federal Housing Administration ("FHA") and certified to be free of defects. Id. at 699. Shortly after moving in, however, the plaintiffs found numerous defects and sued the FHA under the FTCA. Id. at 700. When the government challenged the suit under the misrepresentation exception, the Fourth Circuit ruled that the exception did not apply

partly because the National Housing Act ("NHA") required that "a seller of property . . . shall agree to deliver . . . a written statement setting forth the amount of the appraised value . . ." thereby creating a specific duty to make a careful appraisal. Id. at 705.  The Supreme Court reversed and acknowledged that while there were "numerous instances . . . [where] the Government owes a 'specific duty' to obtain and communicate information carefully . . . [the Court] cannot ignore the plain words Congress has used in limiting the scope of the Government's tort liability." Id. at 710-11.  Thus, even though the NHA had created a specific duty to communicate an accurate appraisal, this duty was in essence a responsibility to not misrepresent the value of the home; therefore, the claim arose out of misrepresentation and was barred under the FTCA. Id. at 711.

Likewise, the statutes that Plaintiff points to here are essentially specific duties "to obtain and communicate information carefully," and thus arise out of misrepresentation. See id. at 710.  As Defendants have correctly identified, the statutes listed in the complaint "all relate to correct labeling of plants; they have nothing whatsoever to do with providing particular varieties, or only providing the requested variety, of a plant." Reply Supp. Mot., ECF No. 14, 4:18-19.  As in Neustadt, this statutory duty to use due care in correctly labeling plants is essentially a duty to not misrepresent information as to that plant. See Neustadt, 366 U.S. at 706 (establishing that a "duty to use due care in obtaining and communicating information upon which the party may reasonably be expected to rely . . . is only to state the traditional and commonly understood legal definition of negligent misrepresentation") (internal quotes omitted).  With the claim of negligence per se, the mislabeling of the plants is not collateral to some other independent wrongdoing but is the statutes' proscribed conduct and is thus "barred even though there is some other allied negligence by the government." See Rich Products Corp., 804 F. Supp. at 1273.

Plaintiff nonetheless attempts to characterize the identified statutes as creating a duty "to refrain from committing the wrong alleged in the statute." Pl. Opp'n at 9:4-6.  But the wrong proscribed by the statutes is nothing more than the wrong of misrepresenting

7

the identity of plants; therefore, any claims based on the violation of these statutes inherently arise out of willful or negligent misrepresentation. Because the claim of negligence per se is one that arises out of a misrepresentation, it falls within the misrepresentation exception under 28 U.S.C. § 2680(h). Thus, this Court lacks subject matter jurisdiction over the first cause of action. Because the Court does not believe that the deficiencies of that claim can be rectified through amendment, no further leave to amend will be permitted.

> **B. The Second and Third Claims Survive the Motion to Dismiss Because the Government Voluntarily Assumed an Independent Duty to Send the Specific Strawberry Variety to Plaintiff and Allegedly Breached That Duty.**

Turning to the claims of breach of common law duty and negligence, Defendants argue that these claims are also barred under the misrepresentation exception because "the essential element of [these] claims is that the USDA gave [Plaintiff] inaccurate information concerning what type of strawberries had been sent." Defs.' Mem. Supp. Mot. at 5:13-14 (internal citations omitted). Relying on Rich Products Inc., Defendants assert that the "only improper procedure described in the complaint was the failure to correctly identify the strawberry plants." Id. at 6:11-12; see Rich Products Inc., 804 F. Supp at 1273 (requiring that the plaintiff remove the government's misrepresentation from the essence of its claim "to state a claim of negligence rather than misrepresentation"). In Rich Products, the plaintiff, a seller of frozen fruit, had contracted with the government to certify that their fruit met the standards required for sale to a military defense contractor. Rich Products Inc., 804 F. Supp at 1271. The government incorrectly graded the fruit, and the court rejected the plaintiff's effort "to divide the government's conduct into as many discrete acts as may be necessary to avoid the [misrepresentation] exception[,]" finding instead that the negligent misrepresentation as to the fruit's grade was the essence of the claim. Id. at 1271. The present case is distinguishable, however. Unlike the plaintiff in Rich Products, Plaintiff here alleges a distinct wrongdoing independent from the government's negligent

8

misrepresentation: the voluntary assumption of the duty to ship the correct strawberry meristems, the subsequent breach of that duty, and the damages which flowed from that breach. Compl. ¶¶ 74-88.

Accordingly, in this case, the Supreme Court's decision in Block v. Neal, 460 U.S. 289 (1983), is more apposite. In Block, the plaintiff applied for a Rural Housing Loan from the Farmers Home Administration ("FmHA"), and subsequently entered into a contract with a builder which required the builder's work to conform to the FmHA's approved plans. Id. at 291. The plaintiff discovered defects in the home after the FmHA had inspected and certified the builder's work to be defect free, and the plaintiff sued the FmHA under the FTCA for the "failure of FmHA employees to properly inspect and supervise the construction of the house." Id. at 290-93. The government asserted that this was in essence a misrepresentation and was thus controlled by Neustadt. Id. at 296. The Supreme Court instead held the misrepresentation exception did not bar the suit, because while the exception "relieves the Government of tort liability for pecuniary injuries which are wholly attributable to reliance on the Government's negligence misstatements . . . . it does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." Id. at 297. The court reasoned that the "duty to use due care to ensure that the builder adhere[d] to previously approved plans . . . [was] distinct from any duty to use due care in communicating information to the respondent." Id. at 297.

The court's reasoning in Block is equally applicable here. In the present case, the complaint alleges that the government both failed to send Plaintiff the specifically requested strawberry meristems and failed to correctly label the strawberry meristems. Compl. ¶¶ 80, 85. Defendants' voluntary assumption of responsibility to provide the specific variety requested by Plaintiff was an operational task which created an independent duty that Defendants act with due care. See Guild, 685 F.2d at 325 (holding that the government is liable for "negligence in the performance of operational

9

tasks even though misrepresentations are collaterally involved"). The second and third claims in the complaint arise out of an alleged breach of this independent duty because this alleged breach is the foundation of the claims: if the USDA-ARS had sent the correct meristem plants there is no injury. Thus, the government's failure to correctly label the plants is distinct from the essential wrong alleged in the complaint and is merely collateral to the gravamen of these claims. See id. at 326 (concluding that the government's communication of inaccurate information was collateral to the negligent performance of an operative task on which the information was based). Subject matter jurisdiction is accordingly satisfied for the second and third causes of action.

Defendants argue that absent Plaintiff's reliance on the mislabeled meristems no injury would have occurred, and the misrepresentation exception should therefore bar the claims. Reply Supp. Mot. at 3:12-13; see Mt. Homes, 912 F.2d at 356 (requiring the plaintiff allege "any injury it would have suffered independently of its reliance on [the misrepresentation]"). Defendants' premature assertion that Plaintiff's injury is entirely dependent on the mislabeling rests on the assumption that Plaintiff only relied on the erroneous label when selling the plants as the Tillamook variety, and ignores that Plaintiff had made a request for that specific variety and would have relied upon Defendants to send the correct plants. It is Defendants' failure to send the correct meristem which is "the essential element of [NorCal's] claim . . . and absent that [failure] there is no loss." See Mt. Homes, 912 F.2d at 356. To allow the wrong of misrepresenting the strawberry variety to subsume the wrong of disseminating the incorrect strawberry meristems "would encourage the Government to shield itself completely from tort liability by adding misrepresentations to whatever otherwise actionable torts it commits." Block, 460 U.S. at 298. Thus, Defendants' argument is unpersuasive.

///

///

///

**CONCLUSION**

For all the forgoing reasons, the Motion to Dismiss filed on behalf of the United States for lack of subject matter jurisdiction under Rule 12(b)(1) (ECF No. 11) is GRANTED in part and DENIED in part. The motion is GRANTED, without further leave to amend, as to the First Cause of Action, for negligence per se, but denied as to the Second and Third Causes of Action, which allege breaches of common law duty and negligence, respectively.

IT IS SO ORDERED.

Dated: July 12, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE